IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-02556-MSK-CBS

ROBERT B. HAAS, and
MARIAN T. STUMPF (Involuntary Plaintiff),

        Plaintiffs,

v.

THE HONORABLE C. JEAN STEWART, in her official capacity
for the Denver Probate Court,

        Defendant.
_____

## OPINION AND ORDER GRANTING MOTION TO DISMISS
_____

**THIS MATTER** comes before the Court pursuant to the Defendant's Motion to Dismiss[1] **(# 4)**, the Plaintiffs' response **(# 6)**, and the Defendant's reply[2] **(# 16)**; the Plaintiffs' Motion for Leave to Amend Complaint **(# 19)**, to which no response has been filed; the Defendant's Motion for an Extension of Time to Respond to the Amended Complaint **(# 24)**, to which no response has been filed; the Plaintiffs' "Cross-Motion" for Summary Judgment **(# 25)**, to which the Defendant responded by filing a Motion for Extension of Time to Respond and Request that Matter Be Held

---

[1] The Court's docket incorrectly reflects that this motion was granted by an Order dated February 13, 2006 **(# 12)**. That Order actually relates to the Plaintiffs' Notice of Dismissal **(# 11)** of a different party. By all appearances, the Defendant's Motion to Dismiss remains pending at this time. The Clerk of the Court shall modify this entry to correctly identify the documents to which docket # 12 relates.

[2] The Defendant have moved **(# 21)** to supplement its reply with citations to newly-issued case authority. That motion is granted.

In Abeyance **(# 27)**, which the Plaintiffs oppose **(# 28)**, and to which the Defendant has filed a reply **(# 32)**; and the Plaintiffs' "Cross-Motion" to Strike the Defendant's Motion to Dismiss and to Direct a Response to the Motion for Summary Judgment **(# 33)**,[3] the Defendant's response **(# 34)**,[4] and the Plaintiffs' reply **(# 35)**.[5]

## BACKGROUND

The pertinent facts at set forth in some detail in the Court's January 24, 2006 Order to Show Cause, and to the extent relevant, that discussion is deemed incorporated herein. In summary, the Plaintiffs are beneficiaries of a trust, and challenged the disbursement of monies in that trust to a law firm. The Defendant is the Probate Court judge who presided over the Plaintiffs' claim and the law firm's counterclaim. The Plaintiffs contend that the Defendant permitted the law firm to submit evidence *ex parte*, and then sealed the record, thereby depriving the Plaintiffs of an opportunity to review and challenge the evidence. The Defendant ultimately ruled in favor of the law firm.

The Plaintiffs then commenced this action *pro se*, alleging that the Defendant's actions violated their constitutional rights in that: (i) the Defendant's receipt of evidence *ex parte* and the sealing of the record deprived the Plaintiffs of their rights under the 1st Amendment to the United

---

[3] This document erroneously appears on the docket as a "Notice of Filing." The Clerk of the Court shall modify this docket entry to more accurately reflect the content of the pleading.

[4] This document is erroneously identified on the docket as relating to docket # 30, not docket # 34. The Clerk of the Court shall modify this entry to correctly link the response to the document to which it relates.

[5] This document is incorrectly identified as being the Plaintiffs' reply to their summary judgment motion, rather than the reply to docket # 33. The Clerk of the Court shall correct this entry as well. The Clerk shall also properly designate docket # 36, which is merely a certificate of service for docket # 35.

States Constitution to petition the government for redress of grievances; (ii) the Defendant's actions deprived the Plaintiffs of substantive due process in violation of the 14th Amendment to the United States Constitution; and (iii) the Defendant's conduct deprived the Plaintiffs of equal protection of the laws, in violation of the 14th Amendment to the United States Constitution.  In their Prayer for Relief, the Plaintiffs request that this Court: (i) set aside, as unconstitutional, the order sealing the Probate Court proceedings; (ii) enter an order unsealing the evidence submitted by the law firm; (iii) enjoin the enforcement of the Defendant's orders sealing the *ex parte* submission and the trial record.

The Defendant filed the instant Motion to Dismiss **(# 4)**, arguing that the Court is deprived of subject-matter jurisdiction to hear the Plaintiffs' challenges to a state court order under the *Rooker-Feldman* doctrine.  The Plaintiffs responded **(# 6)**.  Liberally construing their *pro se* filings, the Court interprets their arguments to be that: (i) the Denver Probate Court lacked jurisdiction to hear the Plaintiffs' constitutional challenges to the Defendant's decisions to receive evidence *ex parte* and seal the record; (ii) the Defendant's ruling did not address the merits of the claims presented by the Plaintiffs here; (iii) the Plaintiffs' challenge is one to the underlying state procedures, not to the Defendant's particular rulings, and thus, the challenges fall outside *Rooker-Feldman*; and (iv) that the Plaintiffs do not seek to appeal the judgment entered by the Defendant in the probate case, but merely wish to have the evidence unsealed so that they may consider whether to appeal the judgment.

The Plaintiffs move to amend the Complaint **(# 19)**.  A review of the proposed Amended Complaint reveals that the Plaintiffs have not substantively modified their claims against the

Defendant, and that the proposed amendments merely drop references to former parties who have since been dismissed from the lawsuit.

The Plaintiffs also moved for summary judgment **(# 25)** on the merits of his claims of constitutional violations. The Defendant did not respond substantively, but requested **(# 27)** that the Court stay any ruling on the summary judgment motion until it ruled on her pending Motion to Dismiss, and to grant her an extension of time to respond to the summary judgment motion if the Court denied the motion to dismiss. The Plaintiffs responded in opposition **(# 28)** to that request, raising additional arguments as to the merits of the *Rooker-Feldman* issue. The Defendant replied **(# 32)**, addressing the Plaintiffs' new substantive arguments, to which the Plaintiffs responded by moving to strike **(# 33)** the Defendant's request for a stay and extension of time to respond to the summary judgment motion. The Plaintiffs' Motion to Strike raises substantially the same arguments as its response to the Defendant's motion for a stay and extension of time. The Defendant responded **(# 35)** to the Plaintiffs' Motion to Strike, and the Plaintiffs replied **( #36)**, not breaking any new legal or factual ground.

## ANALYSIS

### A. Standard of review

A *pro se* plaintiff is entitled to liberal construction of his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). In other words, if the Court if can reasonably read the pleadings to state a valid claim on which the Plaintiffs could prevail, it should do so despite the Plaintiffs' failure to cite proper legal authority, their confusion of various legal theories, poor syntax and sentence construction, or their unfamiliarity with pleading requirements. *Hall*, 935 F.2d at 1110. However, the requirement that

the Court read the Plaintiffs' pleadings broadly does not relieve the Plaintiffs of the burden of alleging sufficient facts on which a recognized legal claim could be based. *Id.* Consonant with the Plaintiffs' right to have their *pro se* pleadings read liberally, the Court has considered all of the arguments raised by the Plaintiffs as to the *Rooker-Feldman* issue at any time, regardless of the document in which they were presented.

The primary issue in this case is whether the Court has subject-matter jurisdiction over the Plaintiffs' claims. The party invoking federal subject-matter jurisdiction, here, the Plaintiffs, bears the burden of establishing that such jurisdiction exists. *Montoya v. Chao*, 269 F.3d 952, 955 (10th Cir. 2002).

### B. *Rooker-Feldman*

The *Rooker-Feldman* doctrine provides that lower federal courts are without subject matter jurisdiction to hear claims actually decided by a state court, or claims that are "inextricably intertwined" with a state court judgment; *Guttman v. Khalsa*, 401 F.3d 1170, 1173 (10th Cir. 2005); *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1145 (10th Cir. 2004). At its essence, the doctrine exists to prevent a party losing in state court from seeking what, in substance, would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights. *Id.* In determining whether claims of constitutional violations are "inextricably intertwined" with the state court proceedings, the Court inquires whether the state court judgment caused, actually and proximately, the injury for which the Plaintiffs seek redress. *Guttman*, 401 F.3d at 1174; *Merrill Lynch Business Financial Services, Inc. v. Nudell*, 363 F.3d 1072, 1076 (10th Cir. 2004). In other words, the Court examines whether the injury alleged by the Plaintiffs resulted from the

5

state court judgment itself or is distinct from that judgment. *Id.* In doing so, it is particularly helpful to look to the relief requested. *Id.*; *see McCormick v. Braverman*, 451 F.3d 382, 394 (6th Cir. 2006) (positing test that examines whether "the source of the injury is the state court decision," in which case *Rooker-Feldman* applies, or whether the injury is the result of some other's actions).

Here, the Plaintiffs urge that they are not challenging the <u>judgment</u> issued by the Defendant – that is, the award of monies from the trust to the law firm – but instead are challenging collateral orders sealing the record and allowing the law firm to submit evidence *ex parte*. Thus, the Plaintiffs contend that their claims do not require the Court to examine or invalidate the <u>judgment</u> entered in the probate case, but merely require the reversal of a collateral order rendered during that case. This argument is without merit. Interlocutory orders by a state court are subject to the same *Rooker-Feldman* protection as are final judgments of those courts.[6] *American Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 319-20 (4th Cir. 2003); *Pieper v. American Arbitration Assn.*, 336 F.3d 458, 362-63 (6th Cir. 2003) *and cases cited therein*. In any event, it is clear that any interlocutory orders made by the Defendant during the pendency of the probate case – such as orders receiving evidence or sealing the case – merged into the final judgment for purposes of rendering those orders subject to appeal. *See e.g. Hudson v. American Founders Life Ins. Co.*, 417 P.2d 772, 427-28 (Colo. 1966) (denial of motion to intervene was interlocutory

---

[6] Thus, the Plaintiffs' argument that granting the relief requested here – unsealing of the record – would not disrupt the money judgment entered in favor of the law firm is inapposite. It is clear that the requested relief would require the undoing of what has become a final order of the Probate Court, even if that final order does not directly bear on the merits of the underlying controversy.

6

order and not immediately appealable; a final judgment was necessary to permit those orders to be appealed).

The Plaintiffs also contend that the Probate Court lacked subject-matter jurisdiction to hear their constitutional objections to the Defendant's conduct, and thus, that they could not have raised those claims in state court. It is true that *Rooker-Feldman* requires that the claimant have had a "reasonable opportunity" to raise the federal issues during the state court case. *Wood v. Orange County*, 715 F.2d 1541, 1547 (11th Cir. 1983). However, there is no indication that the Plaintiffs lacked such an opportunity. The Plaintiffs argue that the Probate Court is of limited jurisdiction, and was unable to hear their complaints that receiving evidence *ex parte* and sealing the record was a deprivation of their constitutional rights. Although it may be true that the Probate Court could not hear standalone claims of constitutional violations of the type cognizable under 42 U.S.C. § 1983 here, the Plaintiffs would not have been asserting their constitutional issues in that format. The precise sequence of the proceedings in the Probate Court are not evident from the record, but logically, the Defendant's orders receiving the evidence *ex parte* and sealing the record were entered either in response to motions made by the law firm, or were made *sua sponte* by the Defendant. In the event of the former, the Defendants presumably had the opportunity to oppose the law firm's motion, arguing to the Defendant that granting the relief sought by the law firm would deprive the Plaintiffs of their constitutional rights. Although the Probate Court might not have jurisdiction to consider standalone claims of constitutional deprivations, no reasonable argument can be made that it lacked the jurisdiction to hear arguments as to whether its contemplated actions were consistent with the rights created by the U.S. Constitution. Thus, if the Defendant's actions were preceded by notice of the relief requested and

an opportunity to be heard, the Plaintiffs had a reasonable opportunity to raise their constitutional concerns there.

Assuming, instead, that the Defendant acted *sua sponte* and that the Plaintiffs were not given the opportunity in advance to object to her receipt of evidence *ex parte* and sealing of the record, it is nevertheless evident that the Plaintiffs still retained the opportunity to present their constitutional objections to the Defendant's action to the Colorado Court of Appeals and the United States Supreme Court. For example, the Court of Appeals certainly has jurisdiction to consider arguments that a ruling by the Probate Court deprived a litigant of Due Process. *See e.g. In Re Estate of Shuler*, 981 P.2d 1109, 1113 (Colo. App. 1999) ("Petitioner further contends, however, that the probate court erred and denied her due process of law when it denied her request for attorney fees and other costs of bringing her petition. We disagree."). The "reasonable opportunity" standard inquires whether the Plaintiffs had any reasonable opportunity to raise their constitutional claims, whether it be before the Probate Court or the appellate courts. *See e.g. Brown & Root v. Breckenridge*, 211 F.3d 194, 202 ("did not have a reasonable opportunity to raise their claims in the state trial court where judgment was entered or on appeal of that judgment") (emphasis in original), *citing Wood*, 715 F.3d at 1548. Because there is no indication that the Plaintiffs were somehow precluded from raising the alleged constitutional deficiencies in the Defendant's rulings before the appellate courts, there is no indication that they have been deprived of a reasonable opportunity to have those claims heard by the state courts.

Having disposed of these arguments, there can be little remaining dispute that the orders challenged by the Plaintiffs are inextricably intertwined with the Probate Court proceeding, and

thus, the claims asserted herein are barred by *Rooker-Feldman*. The Defendant's Motion to Dismiss is granted.

### C. Remaining Motions

Because the Court lacks subject-matter jurisdiction over the claims in this case, it need not consider the remaining pending motions.

### CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss **(# 4)** is **GRANTED**. This action is **DISMISSED** for lack of subject-matter jurisdiction. Upon making the docket corrections noted in the footnotes of this Opinion, the Clerk of the Court is directed to close this case.

Dated this 15th day of September, 2006

BY THE COURT:

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
United States District Judge